Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6897 | **DATE** | 1/14/2002 |
| **CASE TITLE** | Monty Trammel vs. BASF Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** The Clerk of the Court is ordered to enter judgment awarding defendant costs in the amount of $5,726.84.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 14 2002 date docketed | 43 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 1/14/2002 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| JJK | courtroom deputy's initials | Date/time received in central Clerk's Office | JJK mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MONTY TRAMMEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 99 C 6897 |
| vs. ) | |
| ) | Judge Sidney I. Schenkier |
| BASF CORPORATION, ) | |
| ) | |
| Defendant. ) | |

DOCKETED
JAN 1 4 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Monty Trammel, brought this employment discrimination action against defendant BASF Corporation, alleging that he was terminated by BASF in retaliation for his exercise of rights under the Illinois Workers' Occupational Diseases Act, 820 ILCS 310/1 (2001). BASF denied the claim and, on October 26, 2001, a jury returned a verdict in favor of the defendant and against the plaintiff.

Presently before the Court is BASF's Bill of Costs, which seeks an award of costs in the amount of $10,386.22 (doc. # 42). The plaintiff contests the Bill on several grounds, seeking to avoid any award of costs or, at the very least, to reduce the amount awarded. For the reasons explained below, the Court awards defendant costs in the amount of $5,726.84.

### I.

Pursuant to Federal Rule of Civil Procedure 54(d), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Consistent with the rule's literal language, "the prevailing party is *prima facie* entitled to costs and it is incumbent on the losing party to overcome the presumption." *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)

(quoting *Popeil Bros., Inc. v. Schick Elec., Inc.*, 516 F.2d 772, 775 (7th Cir. 1975)); *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991) ("Rule 54(d) creates a presumption that the prevailing party will recover costs, and that the ultimate discretion to award costs is within the district court's discretion").

Moreover, "the presumption [favoring the award of costs] is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). Generally, only two reasons justify denying costs: (1) misconduct by the prevailing party worthy of penalty, or (2) the losing party's inability to pay. *Id.* Plaintiff here does not assert any misconduct by BASF, but does claim that he is unable "to pay the costs incurred by BASF" (Pl.'s Mem. at 5).

To invoke the "inability to pay" exception, a party must demonstrate by admissible evidence not merely that payment would be a burden, but that he is indigent. *Reed v. Int'l. Union*, 945 F.2d 198, 204 (7th Cir. 1991); *Bass v. Zeta Consumer Prods.*, No. 98 C 8235, 1999 WL 1129603, at * 1 (N.D. Ill. Dec. 3, 1999). *See generally South Suburban Housing Center v. Berry*, 186 F.3d 851, 855 (7th Cir. 1999) (applying rule in attorney fee/civil contempt sanction context). Here, the only basis plaintiff offers to support his claim of inability to pay is the assertion of his attorney in his brief in opposition to the Bill of Costs. Without an affidavit, or other admissible evidence showing indigency, defendant is entitled to an award of recoverable costs in this case, and the Court will not exercise its discretion to deny costs altogether. However, as explained below, the Court will reduce the amount of the costs sought in the Bill.

## II.

An award of costs should be entered if a listed expense is authorized by statute, and is both reasonable and necessary to the litigation. *Northbrook Excess & Surplus v. Proctor & Gamble*, 924 F.2d 633, 642 (7th Cir. 1991). Under 28 U.S.C. § 1920, a federal court may tax as costs:

(1)  Fees of the clerk and marshal;
(2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3)  Fees and disbursements for printing and witnesses;
(4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5)  Docket fees under section 1923 [of the U.S. Code]; and
(6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 [of the U.S. Code].

Applying these standards, the Court turns to an analysis of the specific costs sought by defendant.

### A.  Fees of the Clerk.

The fees of the clerk are properly recoverable pursuant to 28 U.S.C. § 1920. Moreover, the plaintiff does not contest these fees. Therefore, the Court will award defendants $150.00.

### B.  Transcripts.

The defendant seeks $1,437.40 for costs associated with deposition transcripts and incidental fees related to those depositions (Bill, at 1). The plaintiff contests the amount sought on two grounds. *First,* as to the depositions of Dave Luebeck, Bruno Reta, Samuel Black and Francis Fee, plaintiff argues that the sum of $212.40 should not be taxable because none of those depositions was used at trial, and all of these witnesses were present or former employees of the defendant (Pl.'s Mem. at 2). Plaintiff argues that defendant's choice to depose these witnesses was "merely for its own convenience and pretrial preparation" and therefore not necessary (Pl.'s Mem. at 2). *Second,* as for plaintiff's deposition, the plaintiff claims that the amount charged should be reduced because

3

the deposition was "unduly prolonged" (several hours over two days) and therefore more expensive than necessary (Pl.'s Mem. at 2). For the reasons set forth below, the Court rejects these challenges.

Plaintiff cites several cases in support of his position that only "necessary" deposition costs should be taxable. *See, e.g., National Bancard Corp. v. Visa, USA, Inc.*, 112 F.R.D. 62 (S.D. Fla. 1986); *S.G.C. v. Penn-Charlotte Assoc.*, 116 F.R.D. 284 (W.D. N.C. 1987). The plaintiff, however, concedes that the award of deposition costs is within the trial court's discretion (Pl.'s Mem. at 2). *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 453 (7th Cir. 1998). In the Seventh Circuit, the general rule is that the costs for deposing a witness may be awarded (even when that person is not called at trial) "as long as the deposition was necessary when taken." *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). In this case, the Court finds that it was prudent and reasonable for defendant to take depositions to preserve evidence of witnesses who, while in the control of BASF at the time of deposition, may not have been in BASF's control at the time of trial. Moreover, each of the depositions was short (none exceeded 100 pages), further suggesting that the depositions were intended to preserve evidence rather than to take discovery that could have been obtained by less expensive means. Therefore, the Court will award BASF the requested costs for the Luebeck, Reta, Black and Fee depositions.

As for the second challenge, plaintiff has not shown that the length of his own deposition was a product of "undue delay" that should be borne by the defendant. The length of the depositions (313 pages) is not so extraordinary as to indicate on its face that BASF's questioning was excessive, and plaintiff offers no citations to the transcript to support his claim. The defendant's calculations for plaintiff's deposition use a $3.00 per page rate for the original copies of plaintiff's depositions, in accordance with the standards established by the Judicial Conference of the United States. *See*

4

*Chemetall GMBH v. ZR Energy, Inc.*, No. 99 C 4334, 2001 WL 1104604, at \*\* 24-25 (N.D. Ill. Sept. 18, 2001). Although defendants were charged $3.50 per page, their bill appropriately reflects a $3.00 per page charge or $939.00. The stenographers fees for two days have been taxed at $214.00, plus a $72.00 charge for the day plaintiff did not appear. The incidental fees for the stenographer's appearance are recoverable costs, and have therefore been added to the total award. *Id.* at \*\* 25-26; *AA Sales & Assoc., Inc. v. JT&T Products Corp.*, 2001 WL 855867, at \* 2 (N.D. Ill. July 27, 2001). Therefore, the full cost of plaintiff's deposition will be taxed in the amount of $1,225.00, and together with the costs of transcripts for the other depositions, this results in an award of $1,437.40 for costs of transcriptions.

### C. Witness Fees.

The defendant seeks an award of $6,757.74 for witness fees, which is comprised of $155.00 for witness and subpoena service fees and $6,602.74 for witness trial expenses, including travel, lodging, meals and mileage reimbursements (Bill, at 1). Witness and subpoena service fees are properly taxable under 28 U.S.C. § 1920, and the plaintiff does not quarrel with the $155.00 fee requested (Pl.'s Mem. at 2), so that amount will be awarded.

The plaintiff does contest the other fees requested (Pl.'s Mem. at 3). Reasonable travel, lodging and subsistence expenses are recoverable costs. *Chemetall,* 2001 WL 1104604, at \* 29; *Leggett & Platt, Inc. v. Hickory Springs Mfg. Co.,* 149 F. Supp. 2d 394, 396 (N.D. Ill. 2001); *Chicago Fire Fighters Union Local No. 2 v. City of Chicago* (consolidated), 2001 WL 40800, at \*\* 4-5 (N.D. Ill. Jan. 16, 2001). However, the plaintiff argues that although witness expenses are "generally taxable as costs," the amounts requested by defendants here are unreasonable (Pl.'s Mem. at 3). Plaintiff challenges (a) the costs sought by BASF of lunches for its witnesses during trial; (b)

5

costs incurred due to the rescheduling of the original trial date due to the tragic events of September 11, and (c) certain other costs sought for specific witnesses.

With respect to lunches, the plaintiff generally objects to the costs of the lunch served to Messrs. Hall, Luebeck, Reta, Pierard and Ms. Perez. The lunches served to these witnesses cost $17.00 each and was served at defense counsel's offices. The plaintiff argues that "lunch certainly could have been purchased for much less than $17.00 per person" (Pl.'s Mem. at 3), and the Court agrees. The Court will take judicial notice of the fact that a standard lunch reasonably can be purchased in the "Chicago Loop" – the location of defense counsel's offices – for $7.00 or less. BASF, of course, was entitled to provide its witnesses with a more expensive lunch; but it cannot reasonably expect plaintiff to foot the bill for it. Accordingly, the Court will reduce the amount requested for each witness's lunch by $10.00 per person, per lunch.

The plaintiff also objects to the various witness fees charged for Mr. Black and Ms. Fee "associated with their travel for the trial originally scheduled to commence September 11, 2001" (Pl.'s Mem. at 3). The events that occurred on September 11, 2001, were, as plaintiff suggests, outside the control of the parties and the Court. In this way, those events constitute a "force majeure" that no one anticipated. Although neither party should have to bear the expense for duplicate efforts, the Court finds, in its discretion, that these costs should not be shifted to the plaintiff as part of the costs for bringing a case that he lost. Accordingly, the remaining witness fees will be assessed for one trip to Chicago, rather than two. Given these general considerations, we

now address the plaintiff's specific objections with respect to the costs assessed for Ms. Perez, Ms. Fee and Mr. Black.[1]

1. Deanna Perez.

For Ms. Perez, the defendant seeks an award of $1,760.25, including round trip airfare from Florida ($1,230.25); two nights lodging ($261.98); one lunch ($17.00); other meals ($135.62); and local transportation in Chicago and Florida ($115.40) (Bill, at 4). Based on our review of the bills submitted on behalf of Ms. Perez for lodging, other meals and local transportation, the Court finds that the defendants should be awarded $958.99.

The Court agrees that awarding costs for two nights of lodging is unreasonable given that Ms. Perez only testified for less than one hour on one day – October 25, 2001. Therefore, the Court only awards costs for one night's lodging, in the amount of $130.99.

With respect to meals, the Court explained above that $17.00 per lunch is unreasonable given the standard fare of $7.00, and thus a reduced lunch fee is in order. With respect to "other meals," the defendant's Bill indicates that Ms. Perez spent $135.62. Because the defendant did not attach itemized receipts for the $132.99 total, the Court cannot break out which meals cost which amounts on which days. We will therefore award $20.00 for dinner on October 24, 2001 (assuming that Ms. Perez could have obtained a late afternoon flight into Chicago), and $14.00 for breakfast and lunch and $20 for dinner on October 25, 2001 (again assuming that Ms. Perez could have obtained a late afternoon or evening departure from Chicago on October 25, 2001). In addition, the September 11th

---

[1] The plaintiff does not object to the fees for travel charged by Messrs. Hall, Luebeck, Reta and Pierard. Since those travel expenses are documented in the Bill (tab 3), we award them in full. However, we reduce the amounts sought for those witnesses by $10.00 for each lunch claimed, reducing the amounts awarded to $19.30 for Mr. Hall; $32.60 for Mr. Luebeck; $16.30 for Mr. Reta; and $50.47 for Mr. Pierard.

7

costs will be eliminated from the Bill. These reductions bring the total award for lunch and other meals to $54.00.

As for airfare, we find the amount of $1,230.25 to be excessive and therefore unreasonable. The ticket for the return flight was $386.00, and the ticket price for Ms. Perez's trip to Chicago was $844.25. There is no reason offered by the defendant for the disparity in price between the first and second legs of her journey, nor for the excessively high price paid for this ticket (Despite the September 11th delay, the defendants had more than 21 days to purchase another ticket for the rescheduled trial date when Ms. Perez was scheduled to appear and offer testimony). We therefore reduce the airfare travel cost for Ms. Perez to $772.00, a ticket price of $386.00 multiplied by two (a reduction of $458.25 from the total amount sought by defendants for airfare).

All expenses for other travel are undocumented with the exception of cab fares. The two cab fare receipts, however, are for the same amount ($37) for the same day (October 23, 2001). Neither cab fare receipt can be tied to Ms. Perez. Without documentation and receipts for the charges claimed in the Bill, this Court will not award those costs. We therefore decline to award "other travel" expenses for Ms. Perez. The total award for Ms. Perez will be $956.99 ($130.99 (lodging); $54.00 (meals); $772.00 (airfare)).

2. Frances Fee.

For Ms. Fee, the defendant requests an award of $921.74, including round trip airfare from Phoenix to Chicago ($191.20), lodging for three nights during trial ($392.97), three lunches ($51.00) and other meals ($65.17), and local transportation in Phoenix and Chicago ($221.60) (Bill, at 5). Plaintiff does not object to the airfare, but asserts the other costs are unreasonable (Pl.'s Mem. at 4).

We believe it is reasonable to allow three nights of lodging for Ms. Fee. Ms. Fee was called as an adverse witness by plaintiff on October 23, and then was called by BASF when its case in chief was presented on October 25. While BASF could have accepted to Court's invitation to examine Ms. Fee full during plaintiff's case, BASF was not required to do so – and the Court will not second guess BASF's decision to present Ms. Fee's full testimony in the sequence that it believed would be most understandable to the jury. The $392.97 sought for three nights lodging is reasonable and will be awarded.

The amounts sought for lunches and transportation will be reduced. The lunches will be reduced from $51.00 to $21.00 for three lunches; the $65.17 sought for other meals for three days is reasonable. As for ground transportation, it appears that Ms. Fee used limousine services to travel to and from the airports in Chicago and Phoenix. While limousine travel may be more pleasant than transport by taxi, it is not a reasonable and necessary cost that can be shifted to plaintiff. The cost of using limousine service is, we believe, roughly twice the amount that it would cost to use taxis for the same transport. Thus, the Court reduces from $221.60 to $110.80 the amount awarded for ground transport.

In line with this analysis, the Court reduces the amount awarded for Ms. Fee's expenses to $781.14. While BASF also seeks costs of $501.59 in connection with the trial date originally set for September 11, for the reasons stated above, we will not shift those costs to the plaintiff.

### 3. Samuel Black.

The defendant seeks witness fees for Mr. Black in the amounts of $1,493.86 in September 2001 and in the amount of $1,756.63 in October 2001 (Bill, at 5). Plaintiff contests these amounts on grounds that he should not have to pay the September 11, 2001 expenses, and he should not have

9

to pay for expenses incurred when Mr. Black only acted as corporate representative, rather than witness, at trial (Pl.'s Mem. at 4). For the reasons stated above, we deny the September 2001 costs.

For October 2001, Mr. Black's claimed costs of $1,756.63 include round trip airfare from Newark to Chicago ($193.55); five nights lodging ($654.95); five lunches ($85.00); other meals ($305.75); and local transportation in Chicago and New Jersey ($517.38). For the reasons explained below, we award costs for Mr. Black in the amount of $763.11.

The round trip airfare of $193.55 is reasonable and will be awarded in full. Mr. Black's lodging fees at a rate of $130.99 per night is reasonable. However, plaintiff claims that BASF should not be awarded costs for all five nights of Mr. Black's stay, because some of the time Mr. Black was present was attributable to his role as a corporate representative, and not a witness (Pl.'s Mem. at 4). This point is well-taken. The plain language of Section 1920 speaks only to fees and disbursements for "witnesses." And, although plaintiff cites no authority to support his argument, case law does indicate that costs should not be taxed for one's appearance as a corporate representative. *See, e.g., Ezelle v. Bauer Corp.*, 154 F.R.D. 149, 154-55 (S.D. Miss. 1994); *Mustrapus v. New York Life Ins. Co.*, 93 F.R.D. 401, 404 (E.D. Mich. 1982). In this case, it was reasonable for Mr. Black to arrive on October 22, as he was a key witness whom plaintiff wanted available to question adversely on October 23. Plaintiff, in fact, questioned Mr. Black at length on October 24; and BASF then questioned him as length in its case in chief on October 25. However, Mr. Black's arrival on October 21, and his continued presence after his testimony on October 25 were attributable to his role as a party representative and not a witness. Thus, we reduce the award for lodging to three nights ($392.97).

The amounts sought for most of Mr. Black's meals will be reduced. As explained above, the cost of $17.00 per lunch will be reduced by $10.00 per day, bringing the total lunch bill for three days to $21.00. Moreover, the Court will reduce the charges for the "other meals" claimed for Mr. Black. For example, the plaintiff should not be expected to pay $77.00 for a dinner at the Italian Village. The dinner bills will therefore be reduced to $20.00 per meal. The Court also will reduce the amounts sought for Mr. Black's breakfasts to $7.00 each. With these reductions, the costs for meals will be taxed at a rate of $7.00 per day for breakfast, the same amount for lunch, and $20.00 per day for dinner, for a total for three days of $102.00.

Some of Mr. Black's ground transportation costs also seem excessive. Mr. Black's hotel was within walking distance of the courthouse; thus, a rental car and any other incidental expenses such as parking will not be awarded. Mr. Black's airport parking bill at the Newark airport of $66.82 will be reduced by two-fifths (to reflect three days rather than five), to $40.09. Mr. Black's claim of $34.00 for 100 miles of travel to and from his home to the Newark airport (50 miles each way) using his car will be awarded (although BASF offers no evidence Mr. Black's residence is 50 miles from the Newark airport, a computer search using MapQuest confirms that this is the case).

To summarize: the Court awards $763.11 for Mr. Black's expenses, which includes round trip airfare ($193.55); three nights of lodging ($392.97); three days of meals ($102.00); and other travel expenses ($74.59).

**D.     Exemplification Costs.**

The defendant requests $920.29 in exemplification costs. Exemplification expenses for enlarged trial exhibits, demonstrative aids, audiovisual equipment and other multi-media presentations which further the illustrative purpose of exhibits are recoverable costs. *Chemetall,*

11

2001 WL 1104604, at ** 29-32. The plaintiff concedes that exemplification expenses associated with the mounted color prints ($213.50) and diagram ($273.94) of the BASF plant are properly taxable pursuant to 28 U.S.C. § 1920 (Pl.'s Mem. at 4). The plaintiff argues, however, that the costs of the transparencies were not necessary to the defense of the case, because copies of these documents were made a part of the exhibit books provided to the jury and the transparencies were used "only sparingly" at trial (Pl.'s Mem. at 4). The Court agrees, and thus will exclude the costs related to the transparencies ($432.85) and will award $487.44 in exemplification costs.

**E.     Copies.**

The defendant requests costs for copying charges in the amount of $1,120.79 (Bill at 10). Costs incurred in connection with photocopying discovery, exhibits, and pleadings filed with the Court are among the costs recoverable under Fed.R.Civ.P. 54. *AA Sales,* 2001 WL 855867, at *2. Here, all defendant's copying was done at $.15 per page, which previously has been deemed by this Court to be a reasonable rate for photocopying costs. *See Chemetall,* 2001 WL 1104604, at * 33. There are three main categories of documents for which defendant seeks copying costs: (1) Motions and Pleadings; (2) Discovery Requests and (3) Trial Exhibits. As for motions and pleadings, the plaintiff contests all costs pertaining to the defendant's motion for summary judgment, which Judge Gottschall denied (Pl.'s Mem. at 4). But, for the remaining documents, the plaintiff does not contest the balance of the copying costs pursuant to 28 U.S.C. § 1920 (Pl.'s Mem. at 4).[2] The Court agrees with plaintiff that he should not be charged the costs for a summary judgment motion brought by

---

[2]Moreover, as defendant notes, "[t]his Court has held that "the cost of "exhibit notebooks, tabs and binders constitute recoverable costs if they facilitate the presentation of evidence." (Bill, at 9 n.12) (citing *Chemetall,* 2001 WL 1104604, at **32-33).

defendant that was denied prior to trial. Therefore, the Court will, reduce the award of copying costs to $876.29.[3]

## CONCLUSION

IT IS THEREFORE ORDERED that the Clerk of the Court enter a judgment awarding defendant costs in the amount of $5,726.84. This award can be broken down into the following categories:

| | | |
|---|---|---|
| 1. | Fees of the Clerk | $150.00 |
| 2. | Fees for service of summons and subpoena | $155.00 |
| 3. | Transcripts | $1,437.40 |
| 4. | Witness Fees | $2,620.71 |
| 5. | Exemplification & Copy Fees | $1,363.73 |

This award represents a $4,659.38 reduction in costs from the requested amount of $10,386.22, and in the Court's view represents a reasonable sum for the costs associated with defense of plaintiff's claim.

ENTER:

/s/ Sidney I. Schenkier

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: January 14, 2002

---

[3]This amount reflects a charge for 308 (versus 1,788) pages copied at a rate of $0.15 per page ($46.20), plus the binding of defendant's proffered exhibits ($22.50), and all uncontested costs for coping related to discovery documents ($138.90) and trial exhibits ($668.69), which equals $876.29.